# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN STANISLAW, )
on behalf of himself and all others similarly )
situated, )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff, )
　v. ) C.A. No. 07-1078 Erie
　) Judge Sean J. McLaughlin
ERIE INDEMNITY COMPANY, )
　)
　　　　　　　Defendant. )

## MEMORANDUM OPINION

This matter is before the Court upon Plaintiff's motion for conditional class certification under 29 U.S.C. § 216(b). Plaintiff, a claims adjustor for Defendant's Murrysville, PA office, contends that he and other claims adjustors working in that office were (1) not credited for all of the overtime hours they were required to work and (2) were not paid for all of their overtime hours. Plaintiff has moved for conditional certification so that he can pursue this lawsuit on behalf of himself and all similarly situated claims adjustors.

The Fair Labor Standards Act permits employees to maintain a representative action for overtime pay on their own behalf and on behalf of all similarly situated employees. 29 U.S.C. §216(b). There are two requirements for a collective action under 29 U.S.C. § 216(b): (1) all of the plaintiffs must be "similarly situated," and (2) all of the plaintiffs must opt-in to the lawsuit by filing a written consent with the court. *Sperling v. Hoffman-LaRoche, Inc.*, 862 F.2d 439 (3rd Cir. 1988).

Certification of a "class" in an FLSA action is a two-step process. In the first phase, the court determines whether a class should be conditionally certified for the purpose of notice to potential

1

opt-in plaintiffs and for pretrial discovery regarding their individual claims. *See, e.g., Mooney v. Aramaco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995). Once the class is conditionally certified, notice is given to the potential plaintiffs so that they may elect whether to opt-in to the action. The second phase of class certification occurs after discovery has taken place. At that time, the court can be asked to reconsider the conditional class certification to determine whether the "similarly situated" standard has been met. *Sperling*, 862 F.2d at 444.

The instant motion concerns only the first phase of the certification process, i.e., whether to conditionally certify a class of potential plaintiffs and allow notice and discovery to proceed. At this stage, the Plaintiff's burden in proving that the prospective plaintiffs are similarly situated is relatively light. While some courts require only that a plaintiff "merely allege" that similarly situated employees were injured as a result of a single decision, policy or plan, *see, e.g.*, *Sperling v. Hoffman-LaRoche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988), most courts, as well as the most recent decisions in the Western District of Pennsylvania, have required a "modest factual showing" before a class can be conditionally certified. *See, e.g., Bosley v. Chubb Corp.*, 2005 WL 1334565 at *2 (E.D. Pa. 2005); *Bond v. Nat. City Bank of Pa*, 2006 WL 1744474 at *6 (W.D. Pa. 2006); *Smith v. Sovereign Bancorp*, 2003 WL 22701017 at *1 (E.D. Pa 2003). As stated by a recent decision in the Eastern District of Pennsylvania, "the factual showing requirement enables a court to narrow the potential class from all of a defendant's employees to just those employees who can possibly claim to have been denied overtime under the same policy as allegedly affected Plaintiffs." *Smith*, at *3. To conditionally certify a class based solely upon a "mere allegation" would be "at odds with the Supreme Court's recommendation to 'ascertain the contours of the [§216] action at the outset.'" *Bosley*, at *3 (quoting *Smith*, at *8).

2

Accordingly, I find that Plaintiff must present a "modest factual showing" that similarly situated employees were affected by the same overtime-related violations of the FSLA that he alleges in his complaint.

The only evidence offered by Plaintiff concerning similarly situated employees is contained in his affidavit. In paragraphs 4, 6 and 8 of his affidavit, Plaintiff alleges that Defendant's management would regularly alter the electronic records of the overtime hours that he had worked and that management would regularly prohibit him from recording all of the overtime that he had worked. In paragraphs 5, 7, and 9, Plaintiff asserts that he "was informed on repeated occasions by other adjusters" that each of these practices had been applied to other employees in the office. Defendant has cited a number of cases which each stand for the proposition that only admissible evidence may be considered in deciding a motion for conditional class certification under 29 U.S.C. § 216(b) of the FLSA. *See, e.g., Dreyer v. Altchem Environmental Services, Inc.*, 2007 U.S. Dist. LEXIS 71048 at *7 (D.N.J. 2007)("courts will not consider affidavits that are not founded on personal knowledge"); *Ulysse v. Divosta Bldg. Corp.*, 2006 U.S. Dist. LEXIS 89414 at *4 (S.D. Fla. 2006)(hearsay in plaintiff's affidavit disregarded); *Harrison v. McDonald's Corp.*, 411 F. Supp.2d 862, 865-866 (S.D. Ohio 2005)("hearsay statements cannot be considered in connection with a Plaintiff's § 216(b) motion for the purpose of determining whether other employees are similarly situated"); *Richards v.Computer Sciences Corp.*, 2004 U.S. Dist. LEXIS 19637 at *4 (D. Ct. 2004)(hearsay statements in affidavit in support of motion pursuant to 29 U.S.C. § 216(b) will be stricken). In *Harrison*, for example, the court denied conditional certification because the plaintiff's statement that "other employees also said they had complained to management [about] not getting paid for all of the hours they had worked" was based upon inadmissible hearsay. *Id*. at 865. I find

these cases persuasive.

Plaintiff offers no first-hand evidence from any other employee alleging in their own words that these practices were regularly applied. Although Plaintiff's reply brief references a lawsuit filed by one of his former co-workers, Jamie Rhodes, which leveled the same accusations against Defendant as in Plaintiff's lawsuit, the Rhodes lawsuit was withdrawn and dismissed with prejudice when it became apparent that Rhodes' claims were barred by the applicable statute of limitations. As such, Rhodes would not be eligible to participate in the proposed class and, therefore, she is not similarly situated to Plaintiff. *See Badgett v. Texas Taco Cabana, L.P.*, 2006 WL 2934265, *3 (S.D. Tex. 2006) (holding that an employee who "is precluded by the statute of limitations from bringing an overtime suit against the defendants" is "thus not a similarly situated employee who could opt-in to this action").

In light of the above principles, I deny Plaintiff's motion at this time based upon the failure to have made the factual showing necessary for conditional certification. However, I will deny the motion *without* prejudice. The Plaintiff shall be afforded 90 days of discovery to determine whether evidence can be adduced to support the requisite modest factual showing.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN STANISLAW,<br>on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>      v.<br><br>ERIE INDEMNITY COMPANY,<br><br>        Defendant. | C.A. No. 07-1078 Erie<br>Judge Sean J. McLaughlin |

**<u>ORDER</u>**

AND NOW, this 20th day of February, 2009, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that the motion for conditional class certification is DENIED WITHOUT PREJUDICE for the reasons stated in the accompanying memorandum opinion.