IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN STANISLAW,<br>on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>ERIE INDEMNITY COMPANY,<br><br>        Defendant. | C.A. No. 07-1078 Erie<br>Judge Sean J. McLaughlin |

## MEMORANDUM OPINION

McLAUGHLIN, SEAN J., J.

This matter is before the Court upon Plaintiff John Stanislaw's Amended Motion for Conditional Class Certification ("Amended Motion") under 29 U.S.C. § 216(b). Plaintiff, a claims adjustor for Defendant Erie Indemnity Company's Murrysville, PA office, contends that he and other claims adjustors working in that office were (1) not credited for all of the overtime hours they were required to work and (2) were not paid for all of their overtime hours. Plaintiff has moved for conditional certification of the following class so that he can pursue this lawsuit on behalf of himself and all similarly situated claims adjustors:[1]

---

[1] Plaintiff initially sought certification of the following class:

> Claims adjusters (Material Adjusters I and II) at Defendant's Murrysville, PA, office who, since February 2006, have been denied overtime pay at the rate of time-and-one-half their regular rates of pay as a result of a policy and practice by management of altering of the electronic time records and/or management's knowing failure to record or pay hours worked by the adjustors outside the office.

(Amended Motion for Conditional Class Certification, p. 1). In his Reply brief, however, Plaintiff concedes that he has not made a sufficient factual showing that other employees'

1

>Material Damage Adjusters I and Material Damage Adjusters II at the Murrysville Branch of Erie Indemnity Company who, since three years prior to the date of the Order Granting Conditional Class Certification [date to be inserted] and through the date of this Court's Order Granting Conditional Class Certification [date to be inserted], have been denied overtime pay at the rate of time-and-one-half their regular rates of pay for hours worked in excess of 40 hours per week as a result of a policy and practice by management of knowingly failing to record or pay hours worked by the Material Damage Adjusters I and Material Damage Adjusters II outside the office.

(Plaintiff's Reply to Defendant's Response to Amended Motion, p. 9).

The Fair Labor Standards Act permits employees to maintain a representative action for overtime pay on their own behalf and on behalf of all similarly situated employees. 29 U.S.C. §216(b). There are two requirements for a collective action under 29 U.S.C. § 216(b): (1) all of the plaintiffs must be "similarly situated," and (2) all of the plaintiffs must opt-in to the lawsuit by filing a written consent with the court. *Sperling v. Hoffman-LaRoche, Inc.*, 862 F.2d 439 (3rd Cir. 1988).

Certification of a "class" in an FLSA action is a two-step process. In the first phase, the court determines whether a class should be conditionally certified for the purpose of notice to potential opt-in plaintiffs and for pretrial discovery regarding their individual claims. *See, e.g., Mooney v. Aramaco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995). Once the class is conditionally certified, notice is given to the potential plaintiffs so that they may elect whether to opt-in to the action. The second phase of class certification occurs after discovery has taken place. At that time, the court can be asked to reconsider the conditional class certification to determine whether the "similarly situated" standard has been met. *Sperling*, 862 F.2d at 444.

The instant motion concerns only the first phase of the certification process, i.e., whether to

---

electronic time records were altered.

conditionally certify a class of potential plaintiffs and allow notice and discovery to proceed. At this stage, the Plaintiff need only make a "modest factual showing" that similarly situated employees were injured as a result of a single decision, policy or plan before the proposed class can be conditionally certified. *See, e.g., Bosley v. Chubb Corp.*, 2005 WL 1334565 at *2 (E.D. Pa. 2005); *Bond v. Nat. City Bank of Pa*, 2006 WL 1744474 at *6 (W.D. Pa. 2006); *Smith v. Sovereign Bancorp*, 2003 WL 22701017 at *1 (E.D. Pa 2003). This "factual showing requirement enables a court to narrow the potential class from all of a defendant's employees to just those employees who can possibly claim to have been denied overtime under the same policy as allegedly affected Plaintiffs." *Smith*, at *3.[2]

In the Amended Motion, Plaintiff has submitted, *inter alia*, deposition testimony from several other Material Damage Adjusters who worked in Defendant's Murrysville branch. Plaintiff has also referenced testimony from management personnel employed by Defendant. The relevant portions of those depositions as pertaining to the issue of whether similarly situated claims adjustors were injured as a result of a decision, policy or plan enacted by Defendant are summarized below.

Charles Kirkpatrick testified that he was employed as a Material Damage Adjuster II in the Murrysville office from 2002 until May 30, 2009. (Kirkpatrick Deposition, pp. 4-7). Kirkpatrick and other damage adjusters were paid on a salary basis until on or about April, 2004, when the company switched to an hourly pay system. (Id. at 24). Despite routinely working over 50 hours

---

[2] Plaintiff had initially moved for class certification on July 11, 2008, but had failed to provide sufficient admissible evidence to support the certification of the proposed class. The Motion was denied without prejudice, and Plaintiff was granted 90 days of limited discovery to attempt to make "the requisite modest factual showing" necessary for conditional certification. Following discovery, Plaintiff filed the instant Amended Motion for Conditional Class Certification.

a week, Kirkpatrick indicated that management told him that they did not expect overtime to be submitted. (Id. at 25-30). Kirkpatrick was instructed by management to put down 7.5 hours per day on his time sheet regardless of how many hours he worked. (Id. at 33-34). Kirkpatrick further testified that his supervisor, Dan Wyzkiewicz, told him on several occasions not to submit any overtime. (Id. at 44-46). Management knew that employees were understating the amount of time they had worked when entering their hours into the company's timekeeping system, ERIEtime, but continued to discourage employees from reporting overtime hours worked. (Id. at 54-56). Kirkpatrick has filed a separate action against Defendant based on the same allegations as those asserted by Plaintiff in the instant action. (See Civil Action No. 1:09-119-SJM).

Michael Howell testified that he has been a Material Damage Adjuster at the Murryville branch since approximately 1998. (Howell Deposition, pp. 4-5). Although he usually worked longer hours than reflected in the ERIEtime system, Howell was told to record only 7.5 hours per day unless he had received specific authorization for overtime. (Id. at 26-27). Nonetheless, Howell continued to work through his one-hour lunch break and into the evenings and weekends when necessary to complete his case load. (Id. at 32). Howell testified that management told him that his overtime would not be approved because his case load was too light and that, as a result, he was discouraged from recording his actual time worked. (Id. at 32-33).

Material Damage Adjusters Ronald Rust, Michael Gelles and Fred Dunning each testified that they routinely worked through their one-hour lunch break or during evenings and weekends without recording those hours worked. (Rust Deposition, p. 17; Gelles Deposition, pp. 38-43; Dunning Deposition, pp. 17-20). Rust, Gelles and Dunning stated that management was aware of their extra hours but failed to instruct them to record all hours worked. (Id.) Rather, they believed

that management discouraged overtime and, as a result, felt reluctant to record all of the hours they worked. (Gelles Deposition, pp. 41-43; Dunning, pp. 26-27)

Plaintiff has also submitted evidence that the alleged denial of overtime pay resulted from a single decision, policy or plan enacted by Defendant. As noted above, Kirkpatrick and Howell both testified that management's policy was to insist that only 7.5 hours of time be recorded each day, regardless of actual hours worked. (Kirkpatrick Deposition, pp 33-34; Howell Deposition, pp. 26-27). Plaintiff further contends that Defendants utilized a pre-approval process for overtime compensation that inhibited or prevented Material Damage Adjusters from entering overtime pay into the ERIEtime system. In a form memorandum addressed to Kirkpatrick entitled "Positive Time Reporting Frequently Asked Questions," this overtime policy was described as follows:

> **Does all overtime need to be approved in advance?**
>
> Yes. You must receive approval in advance of working any overtime. Your supervisor may give you on-going approval for a certain number of hours. Discuss this with your supervisor.

(Plaintiff's Exhibit 1C).

Defendant disputes many of the factual allegations contained in the testimony cited above, contending that their management personnel instructed employees to record all overtime worked and denies that management threatened Material Damage Adjusters not to submit overtime. (See Defendant's Brief in Opposition, pp. 14-15). While this evidence may be relevant during the second step of the class certification process, it does not preclude conditional certification, where the burden of proof on the Plaintiff is "lenient." *Bosley*, 2005 WL 1334565, at *5. To require Plaintiff to "counter every assertion made by the Defendant" at this stage in the proceeding "would condemn any large class claim under the [FLSA] to a chicken-and-egg limbo." *See Felix De Asencio v. Tyson*

5

*Foods, Inc.*, 130 F.Supp.2d 660, 663-64 (E.D. Pa. 2001) (quoting *Sperling v. Hoffmann-La Roche, Inc.*, 118 F.R.D. 392 (D.N.J. 1988)).  Accordingly, I conclude that Plaintiff has "satisfied the lenient first tier factual showing for pretrial certification." *Bosley*, 2005 WL 1334565, at *5.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN STANISLAW, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 07-1078 Erie Judge Sean J. McLaughlin |
| ERIE INDEMNITY COMPANY, | ) ) ) | |
| Defendant. | ) | |

**ORDER**

AND NOW, this 17th day of September, 2009, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that the motion for conditional class certification is GRANTED for the reasons stated in the accompanying memorandum opinion. Counsel shall meet and confer with regard to the content of the proposed notice to be sent to the potential plaintiffs and submit the proposed notice to the Court within twenty (20) days.

/s/ Sean J. McLaughlin
United States District Judge

cm: All parties of record. ___